UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL STARR, | Case No.: 2:06-cv-00616-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismss–#10) |
| MGM MIRAGE, a Delaware corporation, *et al.*, | |
| Defendants. | |

Before the Court is Defendants MGM Mirage, MGM MIRAGE Acquisition Corp. #61, Mandalay Resort Group ("Mandalay"), and Mandalay Bay Resort Group Supplemental Executive Retirement Program Plan's (collectively "Defendants") **Motion to Dismiss** (#10), filed August 24, 2006. The Court has also considered Plaintiff Michael Starr's Opposition (#17), filed September 18, 2006, and Defendants' Reply (#20), filed October 6, 2006.

**BACKGROUND**

The current litigation arises from Mandalay's termination of the Mandalay Bay Resort Group Supplemental Executive Retirement Plan ("SERP"), an unfunded plan maintained by Mandalay to provide supplemental retirement benefits for a select group of its management and highly compensated executives, commonly referred to as a "top hat plan." Plaintiff was a participant in the SERP until its termination on June 9, 2005. While under the plan, Plaintiff

AO 72
(Rev. 8/82)

elected to receive his benefits in the form of an annuity in the amount of $181,560.00 for the sooner of 20 years or his lifetime, which would be paid upon his retirement after the age of 55. Upon termination of the SERP, Defendants tendered Plaintiff a check for $1,464,633.00, allegedly representing the full payment of benefits that Plaintiff was due.

Plaintiff, rather than cashing the check, returned it to Mandalay and filed a claim for benefits under the SERP with Defendants. Defendants denied both Plaintiff's original claim and his subsequent appeal. Having exhausted his administrative remedies, Plaintiff brings the current action to recover the benefits allegedly due under the SERP.

## DISCUSSION

### I. Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegation." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

### II. Plaintiff's First Claim for Relief

Plaintiff's first cause of action alleges a violation of § 502(a)(1)(B) the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), codified at 29 U.S.C. §

2

1132(a)(1)(B). This section permits beneficiaries or participants of employee benefit plans to bring a civil action against plan administrators "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Specifically, Plaintiff alleges that he is entitled to his annuity benefits as elected rather than the lump sum payout he received. In addition to asserting the ERISA statute, Plaintiff elaborates that "[b]ecause the SERP is a non-qualified top-hat plan, it is subject to ERISA's procedural requirements but wholly exempt from ERISA's substantive law" and "Nevada contract law applies when construing [Plaintiff's] rights to benefits under the SERP." (Second Am. Compl. ¶ 7.) Defendants move to dismiss on the ground that Plaintiff's first cause of action is a state law contract claim preempted by ERISA.

Defendants correctly assert that Plaintiff may not bring a state law contract claim for breach of benefits under the SERP. However, the Court finds that Plaintiff's Second Amended Complaint ("Complaint") successfully states a cause of action under ERISA. The Parties do not dispute that the SERP is a top hat plan. Top hat plans are "employee benefit plans" subject to ERISA. *Carr v. First Nationwide Bank*, 816 F. Supp 1476, 1486-88 (N.D. Cal. 1993) (citing *Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir. 1989)). As such, ERISA "supersede[s] any and all state laws insofar as they may now or hereafter related to any employee benefit plan." 29 U.S.C. 21 § 1144(a). Thus, a state law breach of contract claim cannot be maintained for breach of a top hat plan.

Here, Plaintiff's Complaint states a cause of action under ERISA by way of Plaintiff's citation to § 1132(a)(1)(B). Under this section, ERISA allows a cause of action "to recover benefits due him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Further, Plaintiff sets forth facts alleging his entitlement to benefits under the SERP that he did not receive. Plaintiff's assertion that the SERP is "wholly exempt from ERISA's substantive law" is merely an incorrect legal conclusion that does not defeat his ERISA claim. In any event, federal common law may be needed to "supplement the explicit provisions and general policies set out in ERISA,

3

1  referring to and guided by principles of state law when appropriate." *Carr*, 816 F. Supp. at 1487.

2  Thus, through the course of the proceedings, state substantive law may be looked to for guidance.

3  Therefore, Defendants' Motion to Dismiss with regard to Plaintiff's first cause of

4  action is denied.

5  Prior to turning to Plaintiff's second cause of action, the Court notes that

6  Defendants' argue, in their Reply, that Plaintiff's Complaint fails to state a claim under ERISA

7  because he already received benefits due to him under the SERP and because Plaintiff's allegation

8  that his lump sum payment was less than his benefits had he received his annuity is "utter

9  speculation." Because Defendants raise this argument for the first time in their Reply, the Court

10 declines to address it.

11 **II. Plaintiff's Second Claim for Relief**

12 Plaintiff's second cause of action asserts a breach of fiduciary duty against

13 Defendants, alleging that Defendants breached their duty as fiduciaries on behalf of all SERP

14 participants. As outlined above, the SERP is subject to ERISA. However, the SERP's status as a

15 top hat plan exempts it from certain ERISA requirements, such as fiduciary responsibility. 29

16 U.S.C. § 1101(a)(1).

17 Plaintiff maintains that because ERISA exempts fiduciary responsibility from its

18 requirements for top hat plan administrators, Plaintiff is therefore entitled to bring a state law

19 cause of action for breach of fiduciary duty. The Court disagrees. It is *because* ERISA exempts

20 top hat administrators from fiduciary duties imposed on other plan administrators that Plaintiff

21 cannot maintain a cause of action for breach of fiduciary duty. *Duggan v. Hobbs*, 99 F.3d 307,

22 314 (9th Cir. 1996); *Goldstein v. Johnson & Johnson*, 251 F.3d 433, 443 (3d Cir. 2001) (citing

23 *Demery v. Extebank Compensation Plan*, 216 F.3d 283, 290 (2d Cir. 2000) (dismissing ERISA

24 claims for breach of fiduciary duty in a top hat plan on the ground that top hat administrators are

25 not bound by fiduciary standards). ERISA's sweeping preemptive power mandates this result. 29

26 U.S.C. § 1144(a). Had Congress envisioned a cause of action for breach of fiduciary duty against

top hat plan administrators, the ERISA statute would provide for such a claim. *Great-West Life & Annuity Inc. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (noting that "ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.") (internal quotations omitted).

Accordingly, Plaintiff's second cause of action is dismissed, including Plaintiff's assertions of fraud, oppression and malice. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000) (dismissing state law claims for fraud and deceit on preemption grounds). Plaintiff's claim for punitive damages is also dismissed because Congress expressly limited monetary relief under ERISA to those benefits due under the employee benefit plan. *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306-07 (9th Cir. 1986) (stating that punitive damages are not among the damages allowed under ERISA).

Further, Plaintiff's second cause of action will be dismissed with prejudice because a preemption under ERISA is a failure on the merits. *See Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956-58 (9th Cir. 2002).

**III. Defendants' Request for Attorneys' Fees**

Defendants move this Court for attorneys' fees under 29 U.S.C. § 1132(g)(1), allowing a court to "allow a reasonable attorney's fee and costs of action to either party." In support, Defendants claim that Plaintiff's act of filing a second Complaint in disregard of the relevant portions of ERISA is their basis for requesting fees and expenses.

/ /
/ /
/ /
/ /
/ /
/ /

AO 72
(Rev. 8/82)

The Court does not find that Plaintiff's actions were in bad faith and therefore declines to award fees or costs.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#10) is GRANTED in part and DENIED in part as follows: the Motion is denied as to the first cause of action and denied with prejudice as to the second cause of action.

Dated: November 2, 2006.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)